*NOT FOR PUBLICATION"

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ISAAC MENDEZ,

      Plaintiff,

v.

NEW JERSEY STATE LOTTERY
COMMISSION, et al.,

      Defendants.

Civ. Action No.: 11-6932 (FLW)

OPINION

**WOLFSON, United States District Judge:**

In the present matter, pro se Plaintiff Isaac Mendez's ("Plaintiff") moves for relief, pursuant to Federal Rule of Civil Procedure 60(b)[1], from the Court's Order dated December 18, 2012, wherein the Court granted three separate motions to dismiss filed, respectively, by Defendants New Jersey State Lottery Commission, New Jersey Attorney General, New Jersey State Treasury, New Jersey Department of Archives & Records Management and New Jersey Office of the Public Advocate (collectively, "State Defendants"), Defendant Louis David Balk, Esq. ("Balk") and Defendants Marc E. Sapin, Esq. and the Law Firm of Fuchs, Greenberg & Sapin (collectively, "Sapin Defendants"). These defendants oppose Plaintiff's motion for relief. For the reasons set forth below, Plaintiff's motion is **DENIED**.

---

[1] Plaintiff's motion is incorrectly characterized as a motion for relief pursuant to Rule 60(b). Rather, Plaintiff essentially seeks a motion for reconsideration pursuant to Local Rule 7.1(i).

1

## BACKGROUND & PROCEDURAL HISTORY

The Court incorporates herein the facts set forth in this Court's Opinion dated December 17, 2012. Plaintiff's claims arise from a dispute with Maribel Torres and Reynaldo Torres over the ownership of a winning lottery ticket. Following an investigation conducted by the New Jersey Lottery Commission ("Lottery Commission"), which concluded that the lottery winnings were to be paid to Maribel and Reynaldo Torres, Plaintiff filed suit in the Superior Court of New Jersey, Hudson County, on November 12, 2002, alleging that the Lottery Commission and its Acting Director Carole Hedinger denied Plaintiff a hearing in order to determine ownership of the winnings. Ultimately, the jury ruled in favor of the Torreses, who had also been named as defendants in Plaintiff's state complaint. Plaintiff filed an appeal, which was subsequently denied by the Appellate Division on October 21, 2004.

On October 9, 2009, Plaintiff brought a second action against the State Defendants in the Superior Court of New Jersey, Hudson County. Plaintiff filed an amended complaint on November 16, 2009, adding new defendants and alleging civil rights violations arising from the 2002 action. Following a motion to dismiss by the State Defendants, the state court dismissed the initial complaint. Thereafter, on July 23, 2010, the state court granted the Sapin Defendants' motion to dismiss, finding that Plaintiffs' claims were barred by the two-year statute of limitations. Plaintiff filed a motion for relief from certain orders entered by the state court. This request was denied. Plaintiff appealed that decision, but the Appellate Division dismissed the appeal on the basis that the trial court decision was not final. On December 17, 2010, the state court dismissed Plaintiff's amended complaint against the State Defendants for lack of prosecution.

Subsequently, Plaintiff filed an action with this Court asserting causes of action under 42 U.S.C. §§ 1983 and 1985, alleging that the State Defendants acted in concert with non-State Defendants to deprive Plaintiff of his procedural due process rights in both state court actions relating to the lottery ticket investigation. On December 17, 2012, this Court granted Defendants' motions to dismiss, dismissing Plaintiff's claims against both State Defendants and Non-State Defendants. Specifically, this Court determined that it lacked subject matter jurisdiction to hear Plaintiff's claims against the State Defendants because the Lottery Commission, Attorney General, the State Treasury, Division of Archives and Records Management and Office of the Public Advocate qualify as "arms of the state" entitled to sovereign immunity under the Eleventh Amendment.

Similarly, claims against the Non-State Defendants arising under § 1983 were dismissed because Plaintiff failed to allege that these defendants were (1) acting within the color of state law, or (2) private individuals engaging in a conspiracy with state actors for the purpose of violating Plaintiff's protected civil rights. In addition, the Court found that Plaintiff had failed to sufficiently state a claim against the Non-State Defendants under § 1985. Lastly, this Court determined that even if Plaintiff had sufficiently alleged facts supporting a cause of action under § 1983 or § 1985 against Non-State Defendants, these claims would nevertheless be barred by the two-year statute of limitations.

Dissatisfied with the judgment dismissing his case, Plaintiff now seeks relief from judgment pursuant to Rule 60(b). Plaintiff contends that this Court should vacate its December 18, 2012 Order because the Court has subject matter jurisdiction in this matter pursuant to the Fourteenth Amendment, and is therefore bound by the Supremacy Clause to exercise jurisdiction over this case. In particular, Plaintiff argues that this Court should not have dismissed any of the

State Defendants or the Non-State Defendants because the trial involving Plaintiff's initial state action violated his procedural due process rights by permitting statements made outside of court to be read to the jury and prohibiting certain witnesses to testify in court. Plaintiff also characterizes this Court's recitation of the facts surrounding his 2009 Amended Complaint as "hearsay statements" and re-asserts his argument that he has a Fourteenth Amendment right to a default judgment because the State Defendants failed to file an answer to his amended complaint in state court. Plaintiff contends that because of these procedural due process violations, the State Defendants do not have immunity in this matter. Additionally, Plaintiff repeats his argument that the Non-State Defendants are liable for violation of 42 U.S.C. 1983 under joint participation theory.

In response, Defendants argue that Plaintiff has not set forth any new legal arguments, factual circumstances, or newly discovered evidence. Defendants contend that Plaintiff is simply re-stating his arguments, which have been rejected by this Court. Moreover, Plaintiff does not provide any explanation as to how this Court allegedly overlooked any legal or factual issues that would warrant reconsideration.

## DISCUSSION

**A.     Rule 60(b)**

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party ... from a final judgment, order, or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
> (6) or any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"The general purpose of Rule 60, which provides relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir.1978). However, due to the strong interest in the finality of judgments, "relief from a judgment under Rule 60 should be granted only in exceptional circumstances." Id. at 977; Patsy's Italian Rest., Inc. v. Patsy's Ristorante Corp., CIV.A. 11-05513 JAP, 2013 WL 885168 (D.N.J. Mar. 8, 2013).

As a preliminary matter, Plaintiff contends that he is entitled to relief pursuant to Rule 60(b)(1), (b)(2), (b)(3), and (b)(6). However, Plaintiff does not set forth any "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, misrepresentations, misconduct, or any other justifiable reason to warrant such extraordinary relief. Rather, Plaintiff's application seeks reconsideration of this Court's dismissal of his claims. That type of application is more appropriately addressed under L. Civ. R. 7.1(i).

**B.     Rule 7.1(i)**

Local Civil Rule 7.1(i) governs motions for reconsideration in the District of New Jersey. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J.2001). Local Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(i); see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F.Supp.2d 482, 507 n. 12 (D.N.J. 2002).

Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Id. at 507. A motion for such reconsideration may only be granted upon finding: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, the Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. Bowers, 130 F.Supp.2d at 613.

Here, Plaintiff fails to provide any basis that this Court "overlooked" a factual or legal issue that could alter the disposition of this matter. Indeed, Plaintiff has not presented any 1) changes in controlling law; 2) overlooked factual issues; 3) newly discovered evidence; or 4) clear error of law or fact that would require a different determination by this Court to prevent a manifest injustice. Plaintiff's argument for reconsideration is based primarily upon his assertion that this Court failed to consider his argument that subject matter jurisdiction exists because the State lacked immunity from suit under the Fourteenth Amendment due process clause. Plaintiff incorrectly relies on Crawford v. Washington, 541 U.S. 36 (2004), as support for his argument that he was denied his procedural process rights when the state court permitted out-of-court testimonial statements to be heard by the jury.[2] Notwithstanding his erroneous legal assertions, as this Court has held, the State Defendants are immune from Plaintiff's claims under the Eleventh Amendment. Indeed, the Eleventh Amendment bars an award of a monetary judgment directly against the state or an arm of the state, regardless of the actual merit of the claim. Spicer

---

[2] In Crawford, the Supreme Court held that a criminal defendant's right to confront and cross-examine witnesses against him, under the Confrontation Clause, bars out-of-court statements by witnesses unless the witnesses are unavailable and defendants had prior opportunity to cross-examine them. Crawford v. Washington, 541 U.S. 36, 68 (2004). Because this is a civil case, Crawford has no bearing here.

6

v. Hilton, 618 F.2d 232, 236 (3d Cir. 1980) (citing Edelman v. Jordan, 415 U.S. 651 (1974)). Nothing Plaintiff has raised changes this result.

Furthermore, Plaintiff repeats his assertions -- previously rejected by this Court -- that the Non-State Defendants are liable under a joint participation theory.  L. Civ. R. 7.1(i) does not permit parties to restate arguments that the court has already considered.  King v. Schultz, CIV.A. 08-2850 NLH, 2012 WL 4505999 (D.N.J. Sept. 27, 2012).  Thus, any differences of opinion with this Court's decision should be dealt with through the normal appellate process. Bowers, 130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  The Court cannot provide Plaintiff "with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

Dated:  April 15, 2013                                           /s/ Freda L. Wolfson
                                                                           Freda L. Wolfson, U.S.D.J.